UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 3:21-CR-00238-01 |
| | * | |
| VERSUS | * | JUDGE DOUGHTY |
| | * | |
| JACOB BROWN | * | MAGISTRATE JUDGE MCCLUSKY |

**<u>JOINT MOTION FOR PRETRIAL SCHEDULING ORDER</u>**

NOW INTO COURT comes the United States of America, through the undersigned Assistant United States Attorney, and the defendant, Jacob Brown, through his undersigned counsel, who request the entry of a scheduling order setting pretrial deadlines listed below.

The Court recently reset the trail date in this case for March, 20, 2022. The parties agree that a detailed scheduling order is necessary in this matter and that deadlines should be set in anticipation of trial. Accordingly, the Government submitted to the defense the proposed deadlines listed below. To the extent the parties agree on the proposed deadlines, such agreement is indicated below. For those proposed deadlines to which the defendant disagrees, the parties' positions relative to those proposed deadlines are set forth below. The parties respectfully request that the Court consider the parties' positions and thereafter issue a scheduling order setting the necessary deadlines.

No pretrial conference is currently set. The parties jointly request that a final pretrial conference be scheduled for February 27, 2023. Because this date is not

finalized, the proposed pretrial deadlines will be offered in terms of number of weeks before the final pretrial conference.

## Proposed Pretrial Deadlines

1. **Eight or Twelve weeks prior to the Final Pretrial Conference:**

    (a) The Government shall provide expert notice, if any.

    (b) The Government shall file its 404(b) notice, if any.

2. **Five weeks prior to the Final Pretrial Conference:**

    (a) The parties shall file any motions in limine.

    (b) The Defense shall file notices of any defenses under Fed.R.Crim.P. 12.1, 12.2 or 12.3, if any.

    (c) The defense will provide expert notice, if any.

3. **Two weeks prior to the Final Pretrial Conference:**

    (a) Any plea agreement must be filed with the Court.

    (b) The parties will confer regarding proposed jury instructions and voir dire.

4. **Two weeks prior to the Final Pretrial Conference:**

    (a) The parties shall file any responses to motions in limine.

    (b) The parties shall file proposed preliminary jury instructions.

    (c) The parties shall file any proposed voir dire and objections to related filings.

    (d) The parties shall file any jury questionnaires.

5. **On or before the Final Pretrial Conference:**

   (a) The parties shall file trial briefs if any.

   (b) The parties shall raise any outstanding discovery questions or issues.

   (c) The parties shall raise any other anticipated trial issues, and make any necessary arguments related to previously filed motions in limine.

### Defendant's Alternative Proposed Deadlines and Position

The defense has requested an expert notice deadline for the Government twelve (12) weeks prior to the pretrial conference. An expert notice deadline eight (8) weeks prior to the pretrial conference would make the Government's expert disclosure due on January 2, 2023. This would be a very difficult time to try to locate a suitable expert and get the expert working on the case inasmuch as most people are in catch-up mode following the holiday season. The defense has requested an expert notice deadline twelve (12) weeks prior to the pretrial conference, which would be December 5, 2022, to allow it time to locate a suitable expert to rebut the areas identified by the Government in its notice for its expert witness. This deadline is sufficiently before the holiday season hits. While the Government has noted that the only likely expert it would call would be a "use of force" expert, that is a vary broad field. The expert notice by the Government would identify the precise area(s) of expected testimony within the broad "use of force" field and would allow the defendant sufficient time before the holiday season to find a suitable expert in those narrow fields.

## Government's Response

Within the Western District, typically expert notices must be given prior to the pretrial. The longest expert notice in a criminal case the undersigned found was about 4 weeks prior to the pretrial, by Judge Joseph. Because of the nature of the case, the only likely expert would be a "use of force" expert. The defense is not prevented from beginning the process of finding an expert to defend the defendant's use of force now. Requiring notice 8 weeks prior to the pretrial, twice the length of the longest required in the Western District, seems reasonable.

## Conclusion

Wherefore, the United States of America and Defendant Jacob Brown pray that this Honorable Court, after consideration of the parties' respective positions set forth above, rule on any disputed proposed deadlines and issue a scheduling order accordingly.

Respectfully submitted:

BRANDON B. BROWN
United States Attorney

By: *s/ John Luke Walker*
JOHN LUKE WALKER (LA Bar #18077)
Assistant United States Attorney
Western District of Louisiana
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone: (337) 262-6618

By: *s/ P. Scott Wolleson*
P. Scott Wolleson (#22691)
Michael L. DuBos (#22944)
Adam R. Karamanis (#39544)
BREITHAUPT DUBOS & WOLLESON, LLC
1811 Tower Drive
Monroe, Louisiana 71201
Telephone: (318) 322-1202
Facsimile: (318) 322-1984
E-mail: scott@bdw.law
E-mail: michael@bdw.law
E-mail: adam@bdw.law