UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 3:21-CR-00238-01 |
| | * | |
| VERSUS | * | JUDGE DOUGHTY |
| | * | |
| JACOB BROWN | * | MAGISTRATE JUDGE MCCLUSKY |

**NOTICE OF INTENT TO CALL EXPERT WITNESS PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 16(a)(1)(G)**

Comes now the United States by and through Assistant United States Attorneys, John Luke Walker, and Katherine DeVar of the Civil Rights Division of the Department of Justice and submits the following notice pursuant to Federal Rules of Criminal Procedure 16(a)(1)(G) regarding expert testimony.

The United States intends to call Louisiana State Police Trooper Jordan Garrett as an expert in use of force and defensive tactics training conducted by the Louisiana State Police at the Louisiana State Police Academy during training given to Louisiana State Police Troopers and during continuing education. In addition, Garrett will testify about whether the actions of Trooper Jacob Brown on May 30, 2019, are consistent or inconsistent with that training, and if so, why.

The United States anticipates Trooper Garrett will testify regarding the following matters in general terms and/or as applied to this case:

1. His training and experience in defensive tactics and the use of force. Specifically, Trooper Garrett will testify that he was trained at the

Louisiana State Police Academy in the areas of defensive tactics, use of force, OC spray use, and taser use. Subsequent to graduating from the Louisiana State Police Academy, he received training in the use of force from the Federal Law Enforcement Training Center, (FLETC), and has five years practical experience as a patrol officer enforcing traffic laws.

Since 2019 he has been an instructor at the Louisiana State Police Training Academy, teaching use of force, and defensive tactics. As part of his position at the Academy, he created and completed the 2021 use of force report and assisted in the research and implementation of the use of force policy and procedure revisions which have been adopted by the Louisiana State Police.

2. The training that the Louisiana State Police gives to Troopers at the Louisiana State Police Academy related to defensive tactics and use of force, including, but not limited to what force may legally be used during the arrest or detention of an individual.

    a. Specifically, he will testify that the force that may be used must be objectively reasonable according to the Graham versus Conner factors and that the trooper must be able to articulate why the force he used was necessary to gain compliance based upon the totality of the circumstances.

    b. The trooper may use no more force than is necessary to gain compliance.

    c. A strike to the head with a baton or other hard, impact weapen is considered lethal force, which can only be used when the trooper believes that his life or the life of another is in imminent danger of death or serious bodily injury.

    d. The trooper may never use force for punishment or retaliation. Specifically, the trooper may not use strikes to the body or head as punishment for prior non-compliance.

    e. The trooper is taught the use pressure points, non-lethal strikes and arm bars to effectively handcuff resistant but unarmed subjects.

    f. Force should always be justified based upon the circumstances facing the officer in the moment when force is used.

    g. Troopers are taught de-escalation techniques, which they are to use, whenever possible, to prevent a situation from escalating.

3. His review of Jacob Brown's body camera video created during the arrest and/or detention of Aaron Bowman on May 30, 2019.

4. His expert opinion, based upon his review of the body camera video, that Jacob Brown's use of force was inconsistent with the training given by the Louisiana State Police. Specifically, he will testify to the following bases for that conclusion.

    a. The victim was face down with his hands visible behind his head.

    b. There were multiple other officers who controlled the victim's legs and upper body.

    c. Because the other officers on the scene were in control of the victim, neither those officers nor others on the scene were in imminent danger of death or serious bodily harm.

    d. The use of the flashlight with an attached glass breaking cap, to strike the victim's head and ribs, was potentially lethal force against the victim.

    e. Even though the victim was being held by multiple officers and his hands were visible, Jacob Brown struck the victim approximately 18 times with the flashlight with attached glass breaking cap, never giving the victim time to comply between strikes.

The United States has attached Trooper Jordan Garrett's curriculum vitae to this notice.

The United States asserts that this notice satisfies the requirements of Rule 16(a)(1)(G). If, after viewing this notice and the attachment, the defendant requests further information or has concerns under Rule 16, the United States requests the defendant advise as to what further information is necessary to prepare for trial.

Finally, the United States requests that the defendant file its expert notices within the timeframe prescribed by the United States District Court's scheduling order.

Dated this 27th day of December, 2022.

Respectfully submitted,

BRANDON B. BROWN
United States Attorney

*/s/ John Luke Walker*
JOHN LUKE WALKER
Assistant United States Attorney
800 Lafayette Street
Suite 2200
Lafayette, La 70501
Telephone: (337) 262-6618

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*/s/ Katherine Gray DeVar*
KATHERINE GRAY DEVAR (CA Bar #310939)
Trial Attorney
Criminal Section, Civil Rights Division
150 M. Street NE
Washington DC, 20002
Telephone: (202) 216-2669

In compliance with Federal Rule of Criminal Procedure 16(a)(1)(G)(v), I, Jordan Garrett, hereby declare that I have reviewed this notice and agree to its contents.

JORDAN GARRETT
