UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 3:21-CR-00238-01 |
| | * | |
| VERSUS | * | JUDGE DOUGHTY |
| | * | |
| JACOB BROWN | * | MAGISTRATE JUDGE MCCLUSKY |

### GOVERNMENT'S NOTICE OF FORESEEABLE ISSUES

NOW into Court comes the United States, through the undersigned, who submit this notice of foreseeable issues.

1. The government has submitted authority for he proposition that a jury questionnaire is appropriate and necessary in the above entitled case, along with a jury questionnaire. If the defense submits a jury questionnaire that is different than that submitted by the government, the government asks the Court to address which questions will be provided to the jury in the form of a questionnaire.

2. The government asks that the Court give notice if it intends to allow attorney conducted voir dire and if so how much time will be given to each side.

3. The government has submitted a motion for jury instructions which include limited non-pattern jury instructions for the purpose of explaining the substantive pattern jury instruction.

4. The government has filed 4 motions in limine related to the admissibility of both expert and non-expert testimony and evidence. The government asks that

1

the Court rule on those motions prior to trial. The government submits that the law presented is clear and that a pretrial hearing will not be necessary to rule, however, if the Court disagrees, the undersigned has no objection to a pretrial hearing.

5. The government filed a motion for a Daubert Hearing to determine the admissibility of Dr. Dr. William George's expert testimony related to the victim's acute and/or chronic use of cocaine and marijuana and a motion in limine to prevent that testimony's introduction. An evidentiary hearing will be necessary prior to the admission of that expert testimony.

6. The defense is aware of the defendant's pretrial statement. Because there have been no motions to suppress, the undersigned believes there is no issue as to the voluntariness of the statements under 18 U.S.C. § 3501. No evidentiary hearing will be required.

7. The government does not intend to introduce 404(b) evidence. If during the defense case, the government believes that the defense has opened the door to the admission of extrinsic evidence, the undersigned will make that known to the Court and defense prior to its introduction.

8. The government will submit stipulations to the defense not less than 10 days prior to trial in an effort to reduce the trial's length. No evidentiary hearing will be required.

9. The government will submit 902 notices not less than 10 days prior to trial. No evidentiary hearing will be required.

10. The government anticipates that it's case will last no more than 3 days excluding jury selection.

11. The government will have documents marked for identification on or before the Friday prior to trial. There could be additional documents that will need to be marked as a result of unforeseen trial issues.

12. The government has made Jencks Act material available to the defense. If additional Jenks Act material has not been made available it will be provided to the defense the Friday prior to trial.

13. The government is aware of no pending discovery problems

14. The government and defense have exchanged the curriculum vitaes of their experts.

WHEREFORE the government prays that this notice of foreseeable issues be deemed good and sufficient and the issues presented be addressed at the pretrial conference.

Respectfully submitted,

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

By: */s/ Katherine DeVar*
KATHERINE G. DEVAR
Trial Attorney
150 M Street NW
Washington, DC 20002
(202) 598-9420

BRANDON B. BROWN,
United States Attorney
Western District of Louisiana

By: */s/ J. Luke Walker*
JOHN LUKE WALKER (La BAR 18077)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette La 70501
(337) 262-6618