**MINUTES OF PROCEEDING**
**KAYLA DYE MCCLUSKY**
**U.S. MAGISTRATE JUDGE**
June 29, 2023

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIV. ACTION NO. 3:21-CR-00238-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JACOB BROWN (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

A pre-trial conference was held in the above-referenced matter on June 29, 2023, at 10:30 a.m. Present in chambers were Luke Walker, Assistant United States Attorney; Scott Wolleson, Mickey DuBos, and Adam Karamanis, counsel for Defendant; and Dakota Stephens, Judge Doughty's law clerk. Mr. Stephens was standing in for Caitlin Huettemann, who will be the law clerk at trial. Also present by telephone were Katherine DeVar of the Department of Justice, and Amy Crawford, Judge Doughty's courtroom deputy.

The Government anticipates that its case will take three days to present, and Defendants estimate an additional day or 1 ½ days. Counsel agree that the case will be completed within the week.

Any stipulations must be filed no later than **July 21, 2023**.

There are no outstanding discovery issues. Defendant's counsel has issued a subpoena to the Louisiana State Police, but anticipates that information to be provided prior to trial.

The Government has filed four motions in limine, including a Daubert motion [doc. #s 57, 58, 60 & 61]; and Defendant has filed one motion in limine [doc. #59]. Opposition memoranda are due by July 28, 2023, and no replies will be allowed. If Judge Doughty

determines that a hearing is necessary on any of the motions, he will set those hearings after dates are obtained from counsel.

The Court selects jurors and alternates separately. Jury selection will begin with fifty (50) prospective jurors and will proceed by process of elimination and will continue until twelve (12)jurors are seated. The court will then seat two additional persons as alternates by the process of elimination after allowing the parties to exercise one additional peremptory challenge. The Government has six (6) peremptory challenges, and Defendant has ten (10) peremptory challenges. The peremptory challenges will be exercised simultaneously. Each side will be given one additional peremptory challenge prior to the seating of the alternates.

Counsel have received copies of the Court's standard voir dire by email. If any party would like any supplemental or fact specific voir dire questions to be asked, they must be filed no later than **July 21, 2023**, for consideration by the Judge. Following the conference, Mr. Stephens emailed counsel the Court's standard media voir dire.

Judge Doughty will conduct the entire standard voir dire. At the conclusion of the general voir dire, Judge Doughty will conduct a sidebar with counsel to determine if further general questioning by the Judge is needed. If the need for further questioning in private arises, depending on the number of potential jurors and the number of questions, Judge Doughty will either question the potential jurors at sidebar or in the jury room with counsel and the court reporter present. It is likely in this case that the questioning will take place in the jury room, and counsel will be allowed to ask questions of the potential jurors at that time. Judge Doughty will consider challenges for cause at the side bar or in the jury room, depending on the circumstances. Counsel asked to review the summary of the case that Judge Doughty will provide orally to potential jurors at voir dire and were told that it would either be emailed to them prior to trial, or

2

they would be allowed to review it on the morning of trial prior to voir dire.

Angela Miletello in the Clerk's Office will have completed jury questionnaires available the Friday before trial at approximately 2:00 p.m. and will email them to counsel. Attorneys are not to share these questionnaires with clients or anyone else until the morning of trial.

The Government has already filed proposed jury instructions and a verdict form. Defendant will file his proposed jury instructions and proposed verdict form no later than **July 21, 2023**. Counsel will confer, so that Defendant can notify the Court which instructions the parties agree on. If Defendant has no objection to the Government's proposed verdict form, he can make that notation at the beginning of his proposed jury instructions if he wishes. If the Government has any supplemental instructions, those can also be filed by July 21, 2023. Counsel should email a courtesy copy of their filings in Word to doughty_motions@lawd.uscourts.gov. Requested jury instructions should be based on the Fifth Circuit's Pattern Criminal Pattern Jury Instructions and referenced by number if possible. Any proposed instructions which are not found in the Fifth Circuit's pattern instructions must be submitted in their entirety and accompanied by pinpoint cites.

Jury charge conferences will be held throughout trial and may be held before court, during lunch, or at the end of the day, so counsel should be prepared.

As we use an electronic courtroom, trial exhibit notebooks are no longer required for the jury. All exhibits will be displayed to the jury on the electronic monitors in the courtroom. Counsel shall provide one electronic copy of the exhibits on a flash drive to Amy Crawford, the Courtroom Deputy, on the morning of trial. Counsel shall also provide one paper copy of exhibits for use by the jury on the morning of trial. The paper copy will be returned after trial. The Government noted that there is a video(s) as part of the evidence. Ms. Crawford requested

that any video be provided on a separate flash drive.

Counsel are responsible for displaying their own exhibits, but may contact the Clerk's Office for further information or for a time to view the courtroom with their clients and/or witnesses.

Any charts, diagrams, or other exhibits of this type shall be exchanged no later than one week before trial or **July 24, 2023**.   If there are objections to the use of these type of demonstrative aids, that issue will need to be presented to Judge Doughty outside the jury's presence.

Witness and exhibit lists must be filed by **July 21, 2023**.   Witness lists will be filed under seal.   The witness and exhibit lists should also be emailed in Word to amy_crawford@lawd.uscourts.gov.

A list of **all** parties and witnesses, as well as any unusual names or terms (including medical or technical terms) must be emailed to **the court reporter, Debbie Lowery, at debbie_lowery@lawd.uscourts.gov,** by **July 21, 2023**.

Real time is available at counsel table upon request.   If you would like real time, you need to contact Ms. Lowery at 318-361-0380 no later than **July 17, 2023**.

The undersigned reviewed the foreseeable issues presented by both parties and does not anticipate any problems.   If issues arise and counsel needs assistance from the Court, they are welcome to contact my chambers, Ms. Huttemann, or Ms. Crawford, depending on the nature of the inquiry.

Counsel shall each be allotted 30 minutes for his or her opening statement.

To make objection at trial, counsel will rise, be recognized, and state the basis for the objection without argument.   If argument is necessary, the court will ask for it.

Counsel were reminded to familiarize themselves and clients and witnesses with LR 83.2.14 on courtroom decorum.

Attorneys are to arrive in the courtroom for trial by **8:30 a.m.**

We would like to minimize the number of sidebars and the jury's time by dealing with any evidentiary issues prior to trial or during recesses.

The conference concluded in 40 minutes.

                                        KDM

*/s/ KDM*