# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:21-CR-00238-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JACOB BROWN** | **MAGISTRATE JUDGE MCCLUSKY** |

## MEMORANDUM ORDER

Pending before the Court is a Motion in Limine to Exclude Evidence of Specific Instances of the Defendant's Good Character [Doc. No. 57] filed by the United States of America ("the Government"). Defendant Jacob Brown ("Brown") filed a response in opposition [Doc. No. 71].

For the reasons set forth herein, the Government's Motion is **GRANTED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

On September 23, 2021, a grand jury charged Brown with one count of deprivation of civil rights under color of law, pursuant to 18 U.S.C. § 242.[1] The indictment asserts that Brown, "while acting under color of law as a Trooper for the Louisiana State Police, willfully deprived arrestee A.B." of "the right to be free from a law enforcement officer's use of unreasonable force during an arrest."[2]

In the instant motion, the Government asks this Court to "issue an order that ensures the evidence and statements at trial adhere to the strict limitations that the Federal Rules of Evidence place on the use of character evidence."[3] Specifically, the Government argues that Brown cannot produce any evidence or testimony regarding prior good acts done by Brown, including "evidence of awards, commendations, or other good performance evaluations during the course of his

---

[1] [Doc. No. 1]
[2] [Id. at p.1]
[3] [Doc. No. 57 at p.1]

employment with" the Louisiana State Police.[4] Additionally, the Government asks the Court to limit the number of character witnesses that Brown may call at trial to three or less.[5]

In response, Brown asserts that he does not intend to go outside the bounds of Federal Rules of Evidence 404 and 405, such that he will not "introduce his many awards, commendations, positive performance evaluations, and years of public service as examples of his good character."[6] Brown states that he intends to limit any character evidence he introduces to opinion and reputation testimony that may be allowed under the rules.[7] However, Brown contests the Government's proposed limitation on the number of character witnesses to be called.[8]

## II. LAW AND ANALYSIS

### A. Federal Rules of Evidence 404 and 405

Federal Rule of Evidence 404 limits evidence of a person's character that may be admitted at trial. Rule 404(a)(1) states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). There are limited exceptions for a defendant in a criminal case, who may "offer evidence of the defendant's pertinent trait." Fed. R. Evid. 404(a)(2)(A).

When Rule 404 permits the admission of character evidence, Rule 405 in turn provides limitations on the types of evidence that can be used. Specifically, Rule 405 states: "When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Rule 405 goes on to limit the use of "specific instances of conduct" as a method of proving

---

[4] [Id.]
[5] [Id. at p.4]
[6] [Doc. No. 71 at p.1]
[7] [Id.]
[8] [Id.]

character to situations where "a person's character or character trait is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b).

### B. Analysis

Because the parties agree that the use of specific instances of prior conduct are inadmissible as character evidence here, the Court will grant the Motion in Limine to the extent that Brown may not produce evidence or elicit testimony of specific instances of Brown's prior good acts in an attempt to prove his character.

Additionally, the number of character witnesses allowed on Brown's behalf shall be limited to three or less so as to prevent cumulative testimony and evidence. *See United States v. Gray*, 105 F.3d 956, 963 (5th Cir. 1997) (district court's order limiting the number of character witnesses not an abuse of discretion); *see also United States v. Gray*, 507 F.2d 1013, 1015–16 (5th Cir. 1975) (district court's decision to limit the number of character witnesses within court's discretion).

### III. CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that the Government's Motion in Limine [Doc. No. 57] is **GRANTED**. Brown may not introduce evidence of specific instances of prior conduct as character evidence, and Brown is limited to up to three character witnesses at the trial of this matter.

MONROE, LOUISIANA, this 13th day of July, 2023.

_____
Terry A. Doughty
United States District Judge