**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:21-CR-00238-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JACOB BROWN** | **MAGISTRATE JUDGE MCCLUSKY** |

**MEMORANDUM ORDER**

Pending before the Court is a Motion in Limine to Exclude any Witness Testimony Related to the Reasonableness or Unreasonableness of the Defendant's Use of Force [Doc. No. 58] filed by the United States of America ("the Government"). Defendant Jacob Brown ("Brown") filed a response in opposition [Doc. No. 73].

For the reasons set forth herein, the Government's Motion is **GRANTED**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On September 23, 2021, a grand jury charged Brown with one count of deprivation of civil rights under color of law, pursuant to 18 U.S.C. § 242.[1] The indictment asserts that Brown, "while acting under color of law as a Trooper for the Louisiana State Police, willfully deprived arrestee A.B." of "the right to be free from a law enforcement officer's use of unreasonable force during an arrest."[2]

In the instant motion, the Government asks this Court to preclude any witness from testifying as to whether Brown's use of force was "reasonable" or "unreasonable."[3] While asserting that none of its witnesses will make the legal conclusion as to reasonableness, the Government is concerned that Brown's use of force expert, Mark Johnson, will attempt to make

---

[1] [Doc. No. 1]
[2] [Id. at p.1]
[3] [Doc. No. 58 at p.1]

such a conclusion.[4] Based on controlling Fifth Circuit precedent, the Government argues that any testimony labelling Brown's conduct as reasonable or unreasonable is impermissible.[5]

In response, Brown states that he agrees with the Government that any testimony opining that a defendant officer's use of force was reasonable or unreasonable is an impermissible legal conclusion.[6] However, similar to the Government's arguments regarding Mr. Johnson, Brown expresses concern that the Government "may improperly attempt to elicit lay opinions from the on-scene [law enforcement officers] about their interpretation of the circumstances faced by Defendant and whether or not force should have been used."[7]

## II.   LAW AND ANALYSIS

In *United States v. Williams*, 343 F.3d 423 (5th Cir. 2003), the Fifth Circuit held that a witness in a police excessive force case cannot offer an opinion regarding the reasonableness of the defendant officer's use of force. The Fifth Circuit noted that testimony regarding reasonableness or unreasonableness would be impermissible opinion testimony because Federal Rule of Evidence 704(a) prohibits a witness from giving legal conclusions. *Id.* at 435. Because "reasonableness" is an ultimate conclusion for the jury to reach, it is error to allow testimony from witnesses, both lay and expert alike, as to the reasonableness of an officer's use of force. *See id.*

The parties seem to agree as to the controlling effect of the *Williams* decision on this Court. Neither party believes that testimony as to the reasonableness or unreasonableness of Brown's conduct is permissible, and this Court agrees. The Motion in Limine will therefore be granted, and no witness, including Brown's expert Mr. Johnson and the Government's law enforcement witnesses, may opine as to the legal conclusion of "reasonableness" or "unreasonableness." To the

---

[4] [Id.]
[5] [Id. at p.2]
[6] [Doc. No. 73 at p.1]
[7] [Id. at p.2]

extent the parties believe certain proposed testimony may violate this ruling, they may present the issue at trial as the need arises.

### III. CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that the Government's Motion in Limine [Doc. No. 58] is **GRANTED**.

MONROE, LOUISIANA, this 19th day of July, 2023.

                                                Terry A. Doughty
                                            United States District Judge