UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

UNITED STATES OF AMERICA                    CASE NO.  3:21-CR-00238-01

VERSUS                                      JUDGE TERRY A. DOUGHTY

JACOB BROWN                                 MAGISTRATE JUDGE MCCLUSKY

<u>**MEMORANDUM ORDER**</u>

Pending before the Court is a Motion in Limine [Doc. No. 59] filed by Defendant Jacob Brown ("Brown"). The United States of America ("the Government") filed a response in opposition [Doc. No. 69].

For the reasons set forth herein, Brown's Motion is **GRANTED in part and DENIED in part**.

I.        **BACKGROUND AND PROCEDURAL HISTORY**

On September 23, 2021, a grand jury charged Brown with one count of deprivation of civil rights under color of law, pursuant to 18 U.S.C. § 242.[1] The indictment asserts that Brown, "while acting under color of law as a Trooper for the Louisiana State Police, willfully deprived arrestee A.B." of "the right to be free from a law enforcement officer's use of unreasonable force during an arrest."[2]

In the instant motion, Brown asks this Court to exclude three matters: (1) testimony as to whether Brown's use of force was "reasonable"; (2) evidence of any alleged administrative policy violations by Brown, and specifically Brown's mis-labelling/documentation of his bodycam footage after the arrest; and (3) alleged hearsay statements made by A.B. immediately after his

---

[1] [Doc. No. 1]
[2] [Id. at p.1]

arrest.[3] Brown asserts that these matters "are not admissible for any purpose and their mention at trial would cause undue prejudice."[4]

In response, the Government first agrees with Brown as to the exclusion of testimony regarding the "reasonableness" of Brown's conduct.[5] The Government thus does not contest the first aspect of Brown's Motion. However, the Government argues that, with respect to Brown's violation of administrative policy, evidence that Brown "mislabeled his body camera footage" is relevant to the element of willfulness.[6] The Government further argues that the statements made by A.B., as captured in the bodycam video, are admissible under Federal Rule of Evidence 803.[7]

## II.    LAW AND ANALYSIS

### a.  Reasonableness of Brown's conduct

In *United States v. Williams*, 343 F.3d 423 (5th Cir. 2003), the Fifth Circuit held that a witness in a police excessive force case cannot offer an opinion regarding the reasonableness of the defendant officer's use of force. The Fifth Circuit noted that testimony regarding reasonableness or unreasonableness would be impermissible opinion testimony because Federal Rule of Evidence 704(a) prohibits a witness from giving legal conclusions. *Id.* at 435. Because "reasonableness" is an ultimate conclusion for the jury to reach, it is error to allow testimony from witnesses, both lay and expert alike, as to the reasonableness of an officer's use of force. *See id.*

As noted in this Court's ruling on the Government's Motion in Limine to Exclude any Witness Testimony Related to the Reasonableness or Unreasonableness of the Defendant's Use of Force,[8] no witness, expert or otherwise, may testify as to the legal conclusion of the reasonableness

---

[3] [Doc. No. 59 at p.1]
[4] [Id.]
[5] [Doc. No. 69 at p.1]
[6] [Id. at pp.4–5]
[7] [Id. at p.8]
[8] *See* [Doc. No. 77]

of Brown's actions as an arresting officer. *See Williams*, 343 F.3d at 435. The parties are in agreement as to this issue, and the Court finds that the holding applies with equal force to the Government's law enforcement officer witnesses. Thus, the Motion in Limine will be granted such that no witness may testify as to the ultimate legal conclusion of the reasonableness or unreasonableness of Brown's conduct.

### b.  Administrative policy violations by Brown

Evidence is relevant if it "has a tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible and relevant evidence is admissible unless provided otherwise by the United States Constitution, a federal statute, the rules of evidence, or other rules prescribed by the Supreme Court of the United States. Fed. R. Evid. 402.

The court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As virtually all evidence is prejudicial, or otherwise it would not be material, "unfair prejudice" is not to be equated with testimony simply adverse to the opposing party; the prejudice must be unfair. *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613 (5th Cir. 1977). Further, the trial court's discretion to admit or exclude evidence is generally broad, but competent evidence cannot be excluded without a sound and acceptable reason. *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334 (5th Cir.), *decision clarified on denial of reh'g*, 620 F.2d 464 (5th Cir. 1980).

Brown argues that the alleged violation of internal policy with respect to labelling of bodycam footage is irrelevant to the sole charge of the Indictment.[9] Brown argues that the

---

[9] [Doc. No. 59 at p.5]

"Indictment does not include any charge under 18 U.S.C. § 1519 that Trooper Brown knowingly concealed, covered up, falsified, or made a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence any investigation into his use of force during his encounter with A.B," and therefore any attempt to introduce related evidence would fall outside the scope of this trial.[10] Even if such evidence were relevant, Brown argues, it would be unfairly prejudicial "as it suggests some obstruction or dishonesty…neither of which is an element of the charged conduct in the Indictment."[11]

In response, the Government argues, and this Court agrees, that a violation of the bodycam footage policy may be probative of the element of willfulness.[12] In *United States v. Simmons*, 470 F.3d 1115 (5th Cir. 2006), the Fifth Circuit held that evidence that the defendant officer, Simmons, failed to log evidence seized at a traffic stop, during which Simmons raped a woman, was probative of guilt. The court found that "Simmons' omission evince[d] consciousness of guilt" and that "[t]he jury could reasonably infer Simmons' apparent fabrication was an attempt to create an alibi to conceal the sexual assault." *Id.* at 1126. Likewise, here, a violation of administrative policy could be probative of Brown's willfulness during the arrest. As the Seventh Circuit noted in *United States v. Proano*, 912 F.3d 431, 439 (7th Cir. 2019), "evidence of departmental policies can be relevant to show intent in § 242 cases." This Court similarly finds that evidence that Brown violated internal policies regarding bodycam footage may be relevant of Brown's intent.

The Court further finds that the probative value of this evidence outweighs any potential unfair prejudice to Brown. *See* Fed. R. Evid. 403. The Government has proposed a limiting instruction for the jury to avoid unfair prejudice or confusion should this evidence be admitted at

---

[10] [Id. at p.6]
[11] [Id.]
[12] [Doc. No. 69 at p.5]

trial; such an instruction may remedy prejudice to Brown.[13] *See United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018) Thus, the Court will deny Brown's Motion in Limine as to the alleged violation of administrative policy with respect to the bodycam footage.

### c.   Hearsay statements by A.B.

Federal Rule of Evidence 802 general prohibits the admission of hearsay statements. Fed. R. Evid. 802. Rule 801 defines hearsay as a statement that "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matters asserted in the statement." Fed. R. Evid. 801(c). Rule 803 lists various exceptions to the hearsay rule, in which certain statements are admissible "regardless of whether the declarant is available as a witness." Fed. R. Evid. 803.

Brown argues that, after A.B. was taken into custody, "he made several statements regarding his interpretation of the events surrounding his arrest, including, but not limited to, assertions that he was not fighting police, they were fighting him, and that he had not done anything wrong."[14] Brown further asserts that the "statements carry a significant risk of unfairly prejudicing Trooper Brown by misleading jurors and enticing them to judge Trooper Brown's guilt based on these statements."[15]

In response, the Government argues that all of the statements that Brown seeks to exclude, if hearsay, fit under one of Federal Rule of Evidence 803's exceptions and thus are admissible.[16] The Government also argues that many of the statements will be admissible as prior consistent

---

[13] [Id. at p.7]
[14] [Doc. No. 59 at pp.8–9]
[15] [Id. at p.10]
[16] [Doc. No. 69 at p.8]

statements, as A.B. is expected to testify at the trial of this matter in a manner consistent with such statements.[17]

This Court agrees with the Government that A.B.'s statements are admissible. First, the Court finds that the statements fit the present sense impression exception to the hearsay rule; Rule 803(1) provides that hearsay statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it" are admissible. Fed. R. Evid. 803(1). "The basis for this hearsay exception relies on the contemporaneousness of the event under consideration and the statement describing that event. Because the two occur almost simultaneously, there is almost no likelihood of [a] deliberate or conscious misrepresentation." *United States v. Polidore*, 690 F.3d 705, 720 (5th Cir. 2012) (*quoting Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 280 (5th Cir. 1991)) (internal quotations omitted). In *Polidore*, the Fifth Circuit found that statements made while observing the defendant's actions or shortly thereafter constituted present sense impressions that were excepted from the hearsay rule. *Id.* Here, as explained by the Government, many of the statements were made by A.B. immediately following the altercation with Brown while A.B. remained on the ground, and they were captured on the bodycam footage itself.[18] The Court agrees that these statements constitute "A.B.'s almost contemporaneous impression of what had just occurred," and they are thus admissible under Rule 803(1).

The statements are also admissible under Rule 803(2) as excited utterances; Rule 803(2) provides that hearsay statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" are admissible. Fed. R. Evid. 803(2); *see United States v. Hefferon*, 314 F.3d 211, 222 (5th Cir. 2002); *United States v. Shugart*,

---

[17] [Id. at p.9]
[18] [Id. at p.10]

227 F. App'x 334 (5th Cir. 2007). The Court agrees with the Government that many of these statements were made while A.B. was still on the ground, with Brown touching him, "as A.B. was bleeding from his head."[19] It appears that A.B. was still under the excitement caused by the altercation when he made the statements, and therefore, the statements are admissible under Rule 803(2).[20]

Because the Court finds the statements made by A.B. on the bodycam footage to be admissible under Rules 803(1) and 803(2), the Court will not address the Government's remaining arguments for the statements' admissibility at this time. The Motion in Limine is denied as to A.B.'s alleged hearsay statements.

## III.    CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that the Government's Motion in Limine [Doc. No. 59] is **GRANTED in part and DENIED in part**. The motion is **GRANTED** to the extent that no witness may testify as to the reasonableness of Brown's conduct. The motion is **DENIED** in all other respects.

MONROE, LOUISIANA, this 20th day of July, 2023.

Terry A. Doughty
United States District Judge

---

[19] [Id. at p.12]
[20] *See* [Doc. No. 69-1, Manual Attachment]

7