**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**UNITED STATES OF AMERICA**              **CASE NO.  3:21-CR-00238-01**

**VERSUS**                                **JUDGE TERRY A. DOUGHTY**

**JACOB BROWN**                           **MAGISTRATE JUDGE MCCLUSKY**

<u>**MEMORANDUM ORDER**</u>

Pending before the Court is a Motion in Limine to Preclude Defense Expert Testimony Regarding Legal Conclusions and Intent of the Defendant [Doc. No. 60] filed by the United States of America ("the Government"). Defendant Jacob Brown ("Brown") filed a response in opposition [Doc. No. 72].

For the reasons set forth herein, the Government's Motion is **GRANTED**.

### I.      BACKGROUND AND PROCEDURAL HISTORY

On September 23, 2021, a grand jury charged Brown with one count of deprivation of civil rights under color of law, pursuant to 18 U.S.C. § 242.[1] The indictment asserts that Brown, "while acting under color of law as a Trooper for the Louisiana State Police, willfully deprived arrestee A.B." of "the right to be free from a law enforcement officer's use of unreasonable force during an arrest."[2]

In the instant motion, the Government asks this Court to preclude Brown's expert Mark Johnson from (1) "offering impermissible legal conclusions regarding whether the Defendant's use of force was 'justified' or 'reasonable,'" (2) "testifying as to the state of mind of the intent of the Defendant," and (3) "providing testimony and opinions beyond the scope of his expertise."[3]

---

[1] [Doc. No. 1]
[2] [Id. at p.1]
[3] [Doc. No. 60 at p.1]

The Government cites Brown's notice of intent to call Mr. Johnson for four proffered opinions that the Government believes are generally impermissible.[4]

In response, Brown seems to agree with the Government's argument as to the types of testimony that are impermissible; for example, Brown states that Mr. Johnson will not testify as to the legal conclusion of reasonableness nor will he testify as to Brown's state of mind.[5] However, Brown argues that Mr. Johnson, as a use of force expert, should be permitted to testify and "assist the jury by explaining the tactics shown on the body worn camera video, by explaining the inherent risks associated with those tactics, and by offering his well-qualified and reliable opinion as to whether the tactics employed appeared to be consistent with officer training and standards."[6] Brown further asserts that Mr. Johnson should be able to testify as to his observations regarding A.B.'s behavior because "all officers are trained that a suspect's behavior dictates the level of force required to safely apprehend him."[7]

## II.    LAW AND ANALYSIS

### a. Federal Rule of Evidence 702

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and

---

[4] [Id. at p.2]
[5] [Doc. No. 72 at p.1]
[6] [Id. at p.3]
[7] [Id.]

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. Pertinent evidence based on scientifically valid principles will satisfy those demands." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597, 113 S. Ct. 2786, 2799 (1993). The *Daubert* holding provided an illustrative list of factors that courts may use when evaluating the reliability of expert testimony. *Id.* at 592–594. These factors include whether the expert's theory or technique can be or has been tested, whether it has been subjected to peer review, whether it has a known or potential rate of error or standards controlling its operation, and whether it is generally accepted in the relevant scientific community. *Id.* at 593–594. "In short, expert testimony is admissible only if it is both relevant and reliable." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002). Thus, the *Daubert* factors should be applied with flexibility and the question of whether an expert's testimony is reliable is ultimately a fact-specific inquiry. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 138, 119 S. Ct. 1167, 1170 (1999); *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004).

Though the trial court must fulfill its role as gatekeeper in ensuring that all admitted expert testimony is both reliable and relevant, "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." *U.S. v. 14.38 Acres of Land*, 80 F.3d 1074, 1078 (5th Cir. 1996). Thus, "[t]he rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702, advisory committee's note (2000). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. The proponent of an expert's testimony bears the burden of proving that it meets the requirements of Rule 702.

3

*Moore v. Ashland Chem., Inc.*, 151 F. 3d 269, 276 (5th Cir. 1998). Whether these elements are met is a preliminary question for the district court to decide under Federal Rule of Evidence 104(a).

### b. *United States v. Williams*

In *United States v. Williams*, 343 F.3d 423 (5th Cir. 2003), the Fifth Circuit held that a witness in a police excessive force case cannot offer an opinion regarding the reasonableness of the defendant officer's use of force. The Fifth Circuit noted that testimony regarding reasonableness or unreasonableness would be impermissible opinion testimony because Federal Rule of Evidence 704(a) prohibits a witness from giving legal conclusions. *Id.* at 435. Because "reasonableness" is an ultimate conclusion for the jury to reach, it is error to allow testimony from witnesses, both lay and expert alike, as to the reasonableness of an officer's use of force. *See id.*

### c. Analysis

As noted in this Court's ruling on the Government's Motion in Limine to Exclude any Witness Testimony Related to the Reasonableness or Unreasonableness of the Defendant's Use of Force,[8] no witness, expert or otherwise, may testify as to the legal conclusion of the reasonableness of Brown's actions as an arresting officer. *See Williams*, 343 F.3d at 435. The parties are in agreement as to this issue, and the Court finds that the holding applies with equal force to the testimony of Mr. Johnson. Thus, the Motion in Limine will be granted such that Mr. Johnson may not testify as to ultimate legal conclusion of the reasonableness or unreasonableness of Brown's conduct.

The parties further seem to agree that Mr. Johnson cannot testify as to Brown's state of mind at the time of the arrest. The Government asserts, and this Court agrees, that an expert cannot "state an opinion about whether the defendant did or did not have a mental state or condition that

---

[8] *See* [Doc. No. 77]

constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b). Brown has stated that Mr. Johnson will not speculate as to Brown's intent.[9] However, Brown does argue that Mr. Johnson may testify "about whether or not any specific strike appeared to be intended to cause any specific injury" based on video analysis.[10] To the extent Mr. Johnson is attempting to opine on Brown's specific intentions when using force during A.B.'s arrest, such an opinion is similarly impermissible. The Court agrees with the Government that such testimony would be a usurpation of the jury's role in this trial.[11] Thus, the Motion in Limine will be granted such that Mr. Johnson may not opine as to Brown's intent or state of mind during the arrest.

The Government's final argument is that Mr. Johnson should not be allowed to testify that A.B.'s behavior was consistent with drug use and thus Brown's use of force was justified.[12] In response, Brown asserts that Mr. Johnson must be able to testify as to A.B.'s behavior to explain whether Brown's actions were consistent or inconsistent with police officer training.[13] The Court generally agrees with the Government that Mr. Johnson may not testify outside the scope of his expertise, and thus, Mr. Johnson cannot provide a conclusion as to A.B.'s medical condition or the effect of drugs on his mental state. Thus, the Motion in Limine is granted to the extent that Mr. Johnson may not testify as a medical or narcotics expert when providing his analysis of the video footage of the arrest. However, the Court finds that Mr. Johnson may testify as to officer training as it relates to assessing a suspect's behavior and the effect of that behavior on an officer's course of action.

---

[9] [Doc. No. 72 at p.1]
[10] [Id. at p.2]
[11] *See* [Doc. No. 60 at pp.8–9]
[12] [Id. at p.10]
[13] [Doc. No. 72 at p.3]

### III.    CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that the Government's Motion in Limine [Doc. No. 60] is **GRANTED**.

MONROE, LOUISIANA, this 20th day of July, 2023.

_____
Terry A. Doughty
United States District Judge