UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 3:21-cr-00238-01** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **JACOB BROWN** | **MAGISTRATE JUDGE MCCLUSKY** |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE IMPERMISSIBLE OPINION TESTIMONY**

NOW COMES Defendant, Jacob Brown, who submits the instant Memorandum in Support of Motion in Limine for the following reasons, to-wit:

Based on the FD-302's first produced on **July 25, 2023**, it is clear the Government intends to have on-scene law enforcement officers ("LEO's") view Trooper Brown's body worn camera ("BWC") video in front of the jury, narrate the video to the jury, and express impermissible lay opinions about the events depicted even though they did not personally observe what is depicted.

None of the LEO's are use of force experts. Rule 701 of the Federal Rules of Evidence governs non-expert opinion testimony. Rule 701 provides that non-expert opinion testimony must be: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Here, none of the on-scene LEO's perceived the events as depicted on the BWC video. None were in position, none saw any use of force by Trooper Brown, and none saw any actions of A.B as depicted from the perspective of the BWC, so any commentary on the BWC video by the LEO's could <u>not</u> be "rationally based on the witness's perception" as required by Rule 701(a).

Furthermore, none of the on-scene LEO's possess scientific, technical, or other specialized knowledge within the scope of Rule 702. [1] None are qualified, and none have been disclosed, as use of force experts. BWC video analysis, narratiton, and commentary on the tactics employed by Trooper Brown to overcome the aggressive resistance by A.B. constitutes "technical, or other specialized knowledge" of a use of force expert, which must meet the requirements of Rule 702. Therefore, BWC video analysis, narration, and commentary by on-scene LEO's fails to meet the requirements under Rule 701(c) to be admissible lay opinion.

Finally, BWC video, analysis, narration, and commentary by on-scene LEO's who are not qualified use of force experts would not be helpful to the jury, so it is also prohibited by Rule 701(b). It will be the function of the jury to analyze and interpret the BWC video with the assistance of properly qualified use of force experts timely disclosed in accordance with the court's scheduling order. Here, none of the on-scene LEO's were timely disclosed as experts, and their impermissible lay opinion would simply usurp the function of the jury.

In conclusion, based on the clear and express requirements of Rule 701, the Government should be prohibited from eliciting impermissible lay opinion testimony by on-scene LEO's derived from analysis, narration, and commentary on Defendant Brown's BWC video, including their interpretation and opinions on (1) actions of A.B. they did not personally observe; (2) the

---

[1] While LEO's are often entitled to render lay opinions concerning criminal or suspicious activity based on their personal observations, LEO lay testimony is typically limited to suspicious activity they personally observe or derive through their own criminal investigation. See *United States v. Hicks*, 635 F.3d 1063, 1069 (7th Cir. 2011); *United States v. Gaytan*, 649 F.3d 573, 582 (7th Cir. 2011); *United States v. Buchanan*, 70 F.3d 818, 833 (5th Cir. 1995), as amended (Feb. 22, 1996). Clearly, LEO lay opinions based on their own criminal investigations are distinguishable from opinions on another LEO's use of force derived from primarily from video analysis of the facts and circumstances facing the other LEO but not personally observed.

actions/tactics by Defendant which they did not personally observe; and (3) the need for Defendant's actions/tactics which they did not personally observe.

Based on the above and foregoing, Defendant, Jacob Brown, respectfully prays that the instant motion be granted. Defendant further prays for any relief to which he may be entitled, whether in law or in equity.

Respectfully submitted:

**BREITHAUPT DUBOS & WOLLESON, LLC**
1811 Tower Drive
Monroe, Louisiana 71201
Telephone: (318) 322-1202
Facsimile: (318) 322-1984
E-mail: adam@bdw.law
E-mail: michael@bdw.law
E-mail: scott@bdw.law

**BY**: _/s/Adam R. Karamanis_
P. Scott Wolleson (#22691)
Michael L. DuBos (#22944)
Adam R. Karamanis (#39544)

## CERTIFICATION

I hereby certify that a copy of the above and foregoing has been duly served upon counsel of record on this 26th day of July 2023 via the Court's EM/ECF filing system.

_/s/Adam R. Karamanis_
Adam R. Karamanis