UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 3:21-cr-00238-01** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **JACOB BROWN** | **MAGISTRATE JUDGE MCCLUSKY** |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF AND ARGUMENT
CONCERNING DANGERS OF POLICE WORK**

NOW COMES Defendant, Jacob Brown, who responds to the Government's Motion in Limine to Exclude Evidence of and Argument Concerning Dangers of Police Work [Doc. No. 94] as follows:

**I.      Evidence concerning the risks and dangers of police work is relevant in this case.**

The indictment charges a violation of 18 U.S.C. § 242, which requires an individual to: 1) willfully; 2) deprive another of a federal constitutional right; 3) under color of law. *United States v. Williams,* 343 F.3d 423, 431–32 (5th Cir.2003); *United States v. Brugman*, 364 F.3d 613, 616 (5th Cir. 2004). The Indictment requires that the Government prove a deprivation of a federal constitutional right under the Fourth Amendment. The Fourth Amendment 's protection against unreasonable search and seizures requires that officers refrain from using excessive force, that is, more force than is reasonably necessary, when effectuating an arrest." *Graham v. Connor,* 490 U.S. 386, 394–95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Evidence of Louisiana State Police training concerning the risks and dangers of police work is relevant to a determination of whether Trooper Brown willfully violated 18 U.S.C. 242.  Trooper Brown's Louisiana State Police training required him to consider such risks and dangers in threat

assessment and the tactics needed in response to the incident involving A.B. The risks and dangers inherent to police work are repeatedly emphasized throughout Louisiana State Police training. From the time they are cadets, Troopers are trained to understand and work in a dangerous, life-threatening environment. Troopers are trained that there is no such thing as a routine traffic stop, and that a non-compliant suspect poses a grave risk until brought under control. Evidence related to such training is critical to Trooper Brown's defense. Such training influenced Trooper Brown's thought process and perspective on scene and is also a critical fact in determining whether Mr. Brown's use of force to control a non-compliant, aggressively resisting suspect was reasonable under the circumstances to protect the safety of all officers on the scene.

The Government erroneously contends that any evidence of the risks or dangers of police work is irrelevant because "the excessive force inquiry is confined to whether the [officer] was in danger *at the moment of the threat* that resulted in the [use of force]," quoting and/or citing *Bazan v. Hidalgo County*, 246 F.3d 481, 493 (5th Cir. 2001), *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992). However, *Bazan* and *Fraire* are both civil cases brought pursuant to 42 U.S.C. § 1983, and both were opinions rendered in a summary judgment context, not at trial. Also, that restrictive analysis applies only in the context of determining a defendant's liability for civil damages. It has not been applied in any federal criminal case under 18 U.S.C. § 242.

In *Bazan* and *Fraire*, the Fifth Circuit *did not* address the admissibility of evidence of risks and dangers of police work in the context of a trial, and there is no other discussion of admissibility, Federal Rule of Evidence 401- 403, or any other evidentiary rule anywhere in the opinions relied upon by the Government. *See Bazan*, 246 F.3d 481; *see also Fraire*, 957 F.2d 1268.

Furthermore, *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 is the seminal civil case on use of force. In *Graham*, the Supreme Court stated that "[t]he

'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* A reasonable officer, as contemplated by the Supreme Court in *Graham,* understands the risks and dangers of police work and is trained repeatedly to assess threats and employ tactics to reduce or eliminate the risk of injury and death to himself and fellow officers. Furthermore, the jury must understand the risks facing police officers in order to properly analyze the tactics employed by Trooper Brown. Without understating his training, the jury will be in no position to judge whether or not the tactics employed by Trooper Brown were reasonable in light of all the facts and circumstances he faced on the scene.

In *Jones v. City of Chicago* No. 14-cv-4023, 2017 WL 413613, at *8 (N.D. Ill Jan. 31, 2017), the court held:

> "Indeed, evidence concerning the requirements of the law enforcement profession in connection with the reasonableness of a defendant's conduct is permissible and appropriate. **The State's myopic argument to the contrary ignores the fact that the reasonableness of the Defendant's conduct is at issue, and the risks known to the Defendant or previously experienced by the Defendant are certainly relevant in determining whether the Defendant acted reasonably under the circumstances.**" (Emphasis Added).

In a civil district court case cited by the Government, *Cepero v. Bonkavich*, 2022 WL 445035, *2 (D. Nev. Feb. 14, 2022), the court noted that in a 1983 action the Defendant's "prior professional experiences 'may be relevant in assessing the reasonableness of [his] conduct,'" and held that it would "not bar the defense from addressing relevant risks that [the officer] has personally experienced."

In another civil district court case cited by the Government, *Palmer v. Allen*, 2017 WL 218077, at *12 (E.D. Mich. Jan. 19, 2017), the court stated:

> the prior professional experiences of Defendants may be relevant in assessing the reasonableness of their conduct. *See Logwood v. City of Chicago*, No. 11 C 4932,

2013 WL 1385559, at *2 (N.D. Ill. Apr. 4, 2013); *Ferreira*, 2016 WL 4991600, at *12 (N.D.N.Y. Sept. 16, 2016) (finding that issues in an excessive force case "may necessarily discuss the dangers that an officer in his position might face.").

In the context of 18 U.S.C. § 242, the element of "[w]illfulness… requires the jury to find that a defendant acted "in open defiance or in reckless disregard of a constitutional requirement which has been made specific and definite." *Screws v. United States,* 325 U.S. 91, 105, 65 S. Ct. 1031, 89 L.Ed. 1495 (1945). Willfulness "denotes an act which is intentional rather than accidental" and "when used in a criminal statute, it generally means an act done with a bad purpose." *Id*. Trooper Brown's LSP training is relevant to determining whether his actions were done with a bad purpose or in fulfillment of his training, including the appropriate response to a given situation in light of the risks and dangers.

## II. Evidence of the risks and dangers of police work does not present a risk of nullification, confusion of the issues or waste of time on collateral matters.

The Government contends that evidence of risks and dangers of police work will be unfairly prejudicial under Rule 403, by inviting a decision on an improper or emotional basis such as sympathy for a police officer. Certainly, death of a police officer is an emotional topic. However, Troopers are repeatedly taught that no encounter is routine and that complacency results in death. Troopers are constantly reminded to employ tactics without hesitation to avoid injury and/or death. This is the reality of Trooper Brown's job. Evidence related to Trooper Brown's mindset resulting from years of training are critical in understanding his actions when he arrived at a scene of a traffic stop in a high crime area where A.B. was successfully fighting four other officers who could not physically overcome his aggressive resistance.

The Government cites various cases that address the issue of jury nullification, but the only one that directly references the risk faced by police officers is a civil case involving a 1983 action,

*Ferreira v. City of Binghamton*, 2016 WL 4991600 (N.D.N.Y. Sept. 16, 2016). In that case, before deferring its rulings until trial, the court stated:

> **the issues in this case, which concern in part whether shooting the defendant was reasonable from the perspective of an ordinary police officer in Defendant Miller's position, may necessarily discuss the dangers that an officer in his position might face.** At the same time, testimony elicited <u>solely</u> to illicit the sympathy of jurors about the difficult task officers face could encourage jurors to make a decision based on something other than the facts of the case.

*Ferreira* is inapposite. Here, Trooper Brown will offer evidence on risks or dangers of police work for the purpose of establishing his training and the good faith basis for his decisive response to A.B.'s aggressive, combative and dangerous behavior, not merely to illicit sympathy. As such, the Government's argument about jury nullification is misplaced.

## Conclusion

Defendant, Jacob Brown, respectfully suggests that evidence of the risks and dangers of police work was an integral part of his police training and will assist the jury in its determination of whether he willfully violated the rights of A.B. Thus, Defendant prays that the Government's motion be denied.

Respectfully submitted:

**BREITHAUPT DUBOS & WOLLESON, LLC**
1811 Tower Drive
Monroe, Louisiana 71201
Telephone: (318) 322-1202
Facsimile: (318) 322-1984
E-mail: adam@bdw.law
E-mail: michael@bdw.law
E-mail: scott@bdw.law

BY: /s/Adam R. Karamanis
P. Scott Wolleson (#22691)
Michael L. DuBos (#22944)
Adam R. Karamanis (#39544)

**CERTIFICATION**

I hereby certify that a copy of the above and foregoing has been duly served upon counsel of record on this 29th day of July 2023 via the Court's EM/ECF filing system.

_/s/Adam R. Karamanis_
Adam R. Karamanis